UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

ARTHUR F. LELIO,

                          Plaintiff,

     -against-                                    5:13-cv-0245 (LEK/TWD)

VERIZON SERVICES CORPORATION,

                          Defendant.

## **MEMORANDUM-DECISION and ORDER**

### **I.**     **INTRODUCTION**

Before the Court is Defendant Verizon Services Corporation's ("Defendant") Motion to dismiss. Dkt. Nos. 4 ("Motion"); 4-2 ("Memorandum"). Plaintiff Arthur F. Lelio ("Plaintiff") filed a Complaint for wrongful termination under the Americans with Disabilities Act ("ADA"), 42 U.S.C. 12101 et seq., and the New York State Human Rights Law ("NYSHRL"), N.Y. EXEC. LAW § 296 et seq., alleging that Defendant created a hostile work environment and denied Plaintiff's requests for reasonable accommodation. Dkt. No. 1 ("Complaint") at 4-5.

Defendant moved to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), alleging that Plaintiff, by virtue of filing a complaint with the New York State Department of Human Rights ("NYSDHR"), is precluded from re-alleging his state law claims in federal court. Def.'s Mem. at 3-4. Plaintiff filed an Opposition to Defendant's Motion. Dkt. No. 7 ("Opposition"). For the reasons that follow, Defendant's Motion is granted.

## II. BACKGROUND[1]

Defendant employed Plaintiff as a customer service associate from June 2006 until his January 5, 2012 termination. Compl. ¶ 5. Plaintiff suffers from medical disabilities including migraine headaches, seasonal affective disorder, and attention deficit disorder, all for which Plaintiff receives treatment from physicians. Id. ¶ 7. Plaintiff has requested "several reasonable accommodations," some of which were granted. Id. ¶¶ 6, 8-9.

Defendant terminated Plaintiff ostensibly because Plaintiff, on one or two occasions, failed to speak to a customer about a product before transferring her to a sales representative. Id. ¶ 12. Plaintiff contends that Defendant's only proffered reason was pretext for discrimination, because non-disabled employees received only warnings for similar misconduct. Id. ¶ 13.

Prior to filing this action, Plaintiff filed a complaint with the NYSDHR and the Equal Employment Opportunity Commission ("EEOC"). Opp'n at 2. The NYSDHR reviewed Plaintiff's complaint and denied Plaintiff relief, issuing a finding of "No Probable Cause." Id. The EEOC issued a 90 Day Right to Sue Letter ("EEOC Letter") for Plaintiff's federal law claims, and Plaintiff filed this action. Id. at 2-3.

## III. DISCUSSION

Defendant contends that Plaintiff's state law claims are barred by New York Executive Law Section 297. Mem. at 3. Paragraph 9 of that law states, in relevant part:

Any person claiming to be aggrieved by an unlawful discriminatory practice shall have

---

[1] The Court accepts the Plaintiff's factual allegations as true at the motion to dismiss stage. See Raila v. United States, 355 F.3d 118, 119 (2d Cir. 2004) ("When considering a motion to dismiss pursuant to Rule 12(b)(1), the court must take all facts alleged in the complaint as true and draw all reasonable inferences in favor of plaintiff."). Thus, Plaintiff's allegations form the sole basis for this section.

2

> a cause of action in any court of appropriate jurisdiction for damages, . . . unless such person had filed a complaint hereunder or with any local commission on human rights, or with the superintendent pursuant to the provisions of section two hundred ninety-six-a of this chapter, provided that, where the division has dismissed such complaint on the grounds of administrative convenience, on the grounds of untimeliness, or on the grounds that election of remedies is annulled, such person shall maintain all rights to bring suit as if no complaint had been filed with the division.

N.Y. EXEC. LAW § 297(9). Defendant also cites Moodie v. Federal Reserve Bank of N.Y., 58 F.3d 879 (2d Cir. 1995), for the proposition that the dismissal of a NYSDHR complaint for non-administrative reasons bars an employee from filing NYSHRL claims in court. Id. at 884.

Plaintiff advances several counterarguments, including: (1) that the EEOC Letter expressly authorized Plaintiff to bring a federal claim; (2) that the case cited by Defendant does not apply to Plaintiff because he is a private employee; and (3) that the NYSDHR's proceedings were inadequate to be given preclusive effect. Opp'n at 5-7.

Plaintiff's first argument misconstrues Defendant's Motion. Defendant does not move to dismiss the entire action; rather, Defendant seeks to dismiss Plaintiff's NYSHRL claim. It is irrelevant that the EEOC Letter allowed Plaintiff to proceed on his federal law claims—Defendant does not seek dismissal of those claims. Mem. at 1 (stating that Defendant is seeking dismissal of "the claims asserted arising under the New York State Human Rights Law") (emphasis added).

Plaintiff does not meaningfully distinguish Defendant's cited caselaw regarding election of remedies. While it is true that Moodie dealt with a public employee, the statutory language does not differentiate between public and private employees. Indeed, the cases cited by Plaintiff support Defendant's position. For example, in Long v. AT&T Info. Sys., 733 F. Supp. 188 (1990), the court held that the NYSHRL barred Plaintiff from bringing state law claims because the "direct filing of a complaint with the State Division . . . constitutes an election of remedies and results in the loss of

the right to sue in state court."

Finally, Plaintiff asserts that the NYSDHR did not allow him adequate opportunity to litigate, thus preventing the attachment of preclusive effect. It is true that, in determining whether or not the doctrine of *res judicata* applies to a state agency <u>decision</u>, courts examine whether the agency gave parties an "adequate opportunity to litigate." <u>University of Tenn. v. Elliott</u>, 478 U.S. 788, 798-99 (1986). However, Defendant seeks dismissal not based on the *res judicata* claim preclusion that attaches to a state agency judgment, but on a statutory election-of-remedies provision that bars suit in a court of law upon the filing of an agency complaint.

For the above reasons, the Court grants Defendant's Motion.

## IV. CONCLUSION

Based on the foregoing, it is hereby:

**ORDERED**, that Defendant's Motion to dismiss (Dkt. No. 4) is **GRANTED**. Plaintiff's NYSHRL claims are **DISMISSED with prejudice**; and it is further

**ORDERED**, that the Clerk serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED**.

DATED: December 18, 2013
Albany, New York

Lawrence E. Kahn
U.S. District Judge